13-0835-cr
United States v. Kalakowski

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                  Appellee,

         -v-                          13-0835-cr

STEPHEN KALAKOWSKI,
                  Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                Emily E. Berger and Burton T. Ryan,
                             Jr., Assistant United States
                             Attorneys, for Loretta E. Lynch,
                             United States Attorney for the
                             Eastern District of New York,
                             Brooklyn, New York.

FOR DEFENDANT-APPELLANT:     Yuanchung Lee, Assistant Federal
                             Public Defender, Federal Defenders
                             of New York, Inc., New York, New
                             York.

Appeal from the United States District Court for the Eastern District of New York (Platt, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-appellant Stephen Kalakowski appeals from a judgment entered on February 26, 2013.  After the district court (Platt, <u>J.</u>) found that Kalakowski violated his terms of supervised release by committing new criminal conduct, <u>i.e.</u>, state offenses including rape, burglary, and false imprisonment, the district court revoked Kalakowski's supervised release and sentenced him to 60 months' imprisonment.  Kalakowski challenges this sentence on both procedural and substantive grounds.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A.   Procedural Reasonableness

Kalakowski first argues that the district court violated 18 U.S.C. § 3553(c) by failing to state "any reasons for imposing the maximum possible sentence."  Appellant Br. at 18.  We disagree.

A district court procedurally errs when it fails to consider the relevant statutory factors or "adequately to explain its chosen sentence."  <u>United States v. Cavera</u>, 550 F.3d 180, 190 (2d Cir. 2008); <u>see also</u> <u>Gall v. United States</u>, 552 U.S. 38, 49-50 (2007).  Unless the record suggests otherwise, however, "we presume 'that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors.'"  <u>United States v. Verkhoglyad</u>, 516 F.3d 122, 129 (2d Cir. 2008) (quoting <u>United States v. Fernandez</u>, 443 F.3d 19, 30 (2d Cir. 2006)).  Moreover, "[s]ection 3553(c) requires no specific formulas or

incantations," and "[w]here . . . the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal." United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012).

The district court revoked Kalakowski's supervised release and sentenced him to five years' incarceration, the statutory maximum, as recommended by the Probation Department in its violation petition. See 18 U.S.C. § 3583(e). At the beginning of sentencing, the district court acknowledged that it received defense counsel's two letters requesting a lower term of incarceration than that recommended by the Probation Department, followed by a period of supervised release. Moreover, at the hearing, defense counsel "reiterate[d]" her request. App. at 55. Before it imposed sentence, the district court explained that it had "been over [the] file with the probation department[,] . . . read their report[,] . . . [and] had a number of conversations with the probation officer." Id. at 56. The district court also heard from the victim. Based on this information, the district court concluded that "the only appropriate sentence [ ] [wa]s to revoke any supervised release term and impose a term of incarceration of five years." Id.

Because the record does not suggest otherwise, we conclude that the district court properly considered the statutory factors. Fernandez, 443 F.3d at 30. Moreover, although we acknowledge that the district court's explanation for imposing the maximum period of incarceration was brief, "the

sentence concern[ed] a violation of supervised release and . . . [wa]s within the recommended range." Cassesse, 685 F.3d at 192. Accordingly, we hold that Kalakowski's sentence was procedurally reasonable.

## B.   Substantive Reasonableness

Kalakowski next argues that his 60-month sentence was substantively unreasonable. This challenge also fails.

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)). We will set aside sentencing decisions only in "exceptional cases," id., as we will not substitute our judgment for that of the district court, Fernandez, 443 F.3d at 27.

Kalakowski's sentence was within the range of reasonable sentences. On appeal, Kalakowski argues that the district court failed to consider that he suffers from serious mental illness. The district court was well within its discretion, however, to focus on the seriousness of Kalakowski's violations of supervised release, which included the rape of his former girlfriend. See United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007) ("[T]he weight given to any single factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review.'" (quoting Fernandez, 443 F.3d at 32)). We therefore conclude that Kalakowski's sentence was substantively reasonable.

-4-

We have considered Kalakowski's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk